UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM GILDAS, | Case No. 2:19-CV-851 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| FINANCIAL PACIFIC INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant Financial Pacific Insurance Company's ("defendant") motion to dismiss or, in the alternative, sever/bifurcate and stay plaintiff's claims for bad faith. (ECF No. 6). Plaintiff William Gildas ("plaintiff") filed a response (ECF No. 7), to which defendant replied (ECF No. 9).

**I.    Background**

The instant action arises from a dispute regarding the valuation of an underinsured motorist claim. On November 24, 2014, plaintiff was driving a vehicle owned by his employer, Done Right Plumbing, Inc. ("Done Right"). (ECF No. 1-1 at 3). Done Right had an underinsured and/or uninsured motorist ("UIM") policy with defendant. *Id.* at 5. Non-party driver Eric Espinoza-Cuellar hit plaintiff's vehicle and fled the scene. *Id.* at 3.

Plaintiff sustained "severe injuries and damages," which included "extensive medical special damages." *Id.* at 4. Ezpinoza-Cuellar had an insurance policy with GEICO Casualty Co. ("Geico") with a $15,000 per-person policy limit. *Id.* at 3. Geico tendered its $15,000 policy limit to plaintiff. *Id.* Due to the extent of plaintiff's damages, however, the Geico's $15,000 policy limit was not enough to compensate plaintiff for his damages. *Id.* at 4.

Thus, plaintiff notified defendant that he had a claim under his employer's UIM policy. *Id.* Defendant acknowledged the claim, requested additional information, and ultimately offered plaintiff $25,000. *Id.* Plaintiff declined the $25,000 as insufficient and requested a certified copy of the UIM policy. *Id.* Plaintiff alleges that defendant's refusal to pay the policy limits was made in bad faith and "without a reasonable basis in fact or law." *Id.*

Plaintiff then filed the instant action in the Eighth Judicial District Court, alleging breach of contract, bad faith, unfair claims practices, and unjust enrichment against defendant.[1] The complaint was timely removed to this court. (ECF No. 1). Defendant now moves to dismiss plaintiff's bad faith claim or, in the alternative, sever/bifurcate and stay the bad faith claim until plaintiff's breach of contract claim is resolved. (ECF No. 6).

## II. Legal Standard

### A. *Motion to dismiss*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of

---

[1] Defendant initially sued United Fire & Casualty Company d/b/a United Fire Group, but later amended his complaint to bring claims against defendant. (*Compare* ECF No. 1-1, *with* ECF No. 1-2).

truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### B. Motion to bifurcate

Federal Rule of Civil Procedure 42(b) states, in relevant part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims." Fed. R. Civ. P. 42. The decision to bifurcate is committed to the sound discretion of the trial court. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir .1982). Bifurcation is appropriate when it simplifies the issues for the jury and avoids the danger of unnecessary jury confusion. *Id.* Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case. *See O'Malley v. United States Fidelity and Guaranty Co.*, 776 F.2d 494, 501 (5th Cir. 1985) ("Since a recovery on the bad faith claim would not have been possible unless

O'Malley prevailed on his coverage claim, the district court acted correctly in bifurcating the issues to avoid prejudice and to expedite the trial.").

**III. Discussion**

As an initial matter, defendant moves to dismiss plaintiff's unjust enrichment claim. (ECF No. 6 at 4–5). Plaintiff stipulates to the dismissal of this claim. (ECF No. 7 at 10). Thus, the court grants defendant's motion as to the unjust enrichment claim.

*A. Motion to dismiss*

*1. Bad faith claim*

In order to prevail on a bad-faith claim, plaintiffs must show "the absence of a reasonable basis for denying benefits and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991) (quotation marks, ellipses, and citation omitted).

Because bad faith requires the defendant to be objectively and subjectively unreasonable, the genuine dispute doctrine provides that "the insurer is not liable for bad faith for being incorrect about policy coverage as long as the insurer had a reasonable basis to take the position that it did." *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (citing *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1355 (Nev. 1986)). The Ninth Circuit has unambiguously held that, "because the key to a bad faith claim is whether denial of a claim was reasonable, a bad faith claim should be dismissed **on summary judgment** if the defendant demonstrates that there was 'a genuine dispute as to coverage.'" *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003) (emphasis added).

Here, plaintiff and defendant dispute the valuation of plaintiff's UIM claim. Defendant contends that the parties dispute only the valuation of plaintiff's UIM claim. (ECF No. 6 at 7–8). Defendant argues that "[a]s a matter of law, such a dispute is not bad faith under the [g]enuine [d]ispute doctrine." *Id.* at 8. To support this proposition, defendant cites a variety of cases when the court granted defendants' motions for summary judgment and dismissed the plaintiffs' respective bad-faith claims. *See, e.g.*, *Pioneer Chlor Alkali Co.,* 863 F. Supp. 1237; *Gutting v.*

*Am. Family Fin. Services, Inc.*, No.: 2:15-cv-02216-GMN-CWH, 2017 WL 1159722, at *4 (D. Nev. Mar. 28, 2017); *Williams v. Am. Family Mut. Ins. Co.,* No. 2:09–CV–00675–KJD–VCF, 2012 WL 1574825 (D. Nev. May 2, 2012); *Brandau v. Am. Family Mut. Ins. Co.*, No. 2:05-cv-0048-KJD-PAL, 2006 WL 1663557, at *2 (D. Nev. June 14, 2006).

But this case does not come before the court on a motion for summary judgment. Defendant moves to dismiss plaintiff's bad faith claim at the onset of litigation. This court's holding in *Tracey v. Am. Family Mut. Ins. Co.* is instructive. No. 2:09-CV-01257-GMN, 2010 WL 3613875 (D. Nev. Sept. 8, 2010). In *Tracey*, plaintiff was involved in a vehicle collision, but defendant disputed plaintiff's valuation of the claim. *Id.* In particular, defendant argued that injuries plaintiff complained about predated the accident. *Id.* This court explained as follows:

> Although there may legitimately be a dispute over whether the injury is unrelated to the loss or treatment was unreasonable, there still exist material facts that may lead a jury to conclude that [d]efendant's assertions are unreasonable because it failed to investigate the claim properly. The [d]efendant is making a factual assertion that the injury was either unrelated to the loss or the treatment was unreasonable. However, if the [d]efendant did not reasonably investigate the claim before making this assertion, then the genuine dispute is not in fact genuine. The genuine dispute rule does not relieve an insurer from its obligation to thoroughly and fairly investigate, process, and evaluate the insured's claim. A *genuine* dispute exists only where the insurer's position is maintained in good faith and on reasonable grounds.

*Id.* at *3 (internal citations and quotation marks omitted).

Plaintiff's argument under the genuine dispute doctrine rests on an assumption: that there is a genuine dispute as to the value of plaintiff's UIM claim. But if defendant's valuation was unreasonable, the dispute as to value is not "genuine," and the genuine dispute doctrine does not apply. *Feldman*, 322 F.3d at 669 ("Under *Guebara,* a genuine dispute does not exist where there is evidence that the insurer failed to conduct a thorough investigation" (citing *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 994 (9th Cir. 2001)).

There are no facts before the court regarding defendant's investigation into plaintiff's claim. Defendant does not provide any justification for its $25,000 valuation. Defendant does not even argue that its $25,000 valuation is reasonable. Instead, defendant summarily argues that

"a dispute in valuation is never sufficient to meet the required element of subjective wrongdoing on the part of the insurance carrier." (ECF No. 9 at 4).

Plaintiff has pleaded sufficient facts to justify discovery in order to test plaintiff's assumption. Plaintiff alleges, albeit inartfully, that defendant's $25,000 offer was unreasonable, and it should have tendered its UIM policy limits in light of plaintiff's "extensive medical special damages and the nature and extend of his injuries . . . ." (ECF No. 1-1 at 4). The court notes that plaintiff's complaint alleges only that his damages are "in excess of $15,000" in compliance with Nevada law.[2] *See* Nev. R. Civ. P. 8(a)(4) ("[I]f the pleader seeks more than $15,000 in monetary damages, the demand for relief may request damages 'in excess of $15,000' without further specification of the amount."). Indeed, when removing the instant action, defendant acknowledged that "[p]laintiff claims that he is entitled to the policy limits under the [u]nderinsured [m]otorist (UIM) policy [d]efendant issued to non-party, Done Right Plumbing, Inc., which [d]efendant represents are $1,000,000." (ECF No. 1 at 2).

Keeping with Ninth Circuit authority, the court finds that the reasonableness of defendant's valuation is a determination to be made at summary judgment. *Feldman*, 322 F.3d at 669. Accordingly, the court finds that there is a basis for plaintiff's bad faith claim if defendant's investigation or valuation of plaintiff's UIM claim was unreasonable.

The court next considers whether the bad faith claim is premature. Defendant points out that, under Nevada law, "[u]ntil the insured has established 'legal entitlement,' no claim for bad faith will lie." *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 384 (Nev. 1993). Thus, defendant argues that bad faith claims must be brought after plaintiff prevails on its breach of contract claim. (ECF No. 6 at 10–12).

The court disagrees. "'Legal entitlement' has been interpreted to mean that the 'insured must be able to establish fault on the part of the uninsured motorist which gives rise to the damages and to prove the extent of those damages.'" *Pemberton*, 858 P.2d at 384 (citations omitted). Thus, plaintiff could feasibly show that defendant's investigation was fatally

---

[2] Plaintiff indicates in his opposition that his damages are in excess of $700,000. (ECF No. 7 at 3–4).

- 6 -

deficient—and, consequently, its valuation was done in bad faith—which would prove fault. *See, e.g., Schmall v. Gov't Employees Ins. Co.*, 240 F. Supp. 3d 1093, 1097 (D. Nev. 2016) ("The use of an independent medical expert to review a case is an indication of good faith."); *Tracey*, 2010 WL 3613875, at *3 ("In this case, there are a number of material issues that may lead a jury to conclude that [defendant] was unreasonable in investigating the claim.").

Thus, the court finds that the bad faith claim is not premature. Defendant's motion to dismiss is denied as to the bad faith claim.

### 2. *Unfair Claims Practices Act*

As it pertains to plaintiff's claim under Nevada's Unfair Claims Practices Act, defendant argues that plaintiff's allegations "are a rote recitation from the statute." (ECF No. 6 at 9). In response, plaintiff provides a "[s]ummary of Nevada's [b]ad [f]aith [l]aw [a]gainst [i]nsurers," which includes a block quote of Nevada Revised Statute § 686A.310. (ECF No. 7 at 5–6). Plaintiff does not address the factual sufficiency of its complaint as it pertains to this claim. *See generally id.*

Ordinarily, "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Moreover, this court has held this rule applies in cases such as here when a party fails to address a portion of the moving party's motion. *Moore v. Ditech Fin., LLC*, No. 2:16-CV-1602-APG-GWF, 2017 WL 2464437, at *2 (D. Nev. June 7, 2017), *aff'd*, 710 F. App'x 312 (9th Cir. 2018) (holding that the plaintiff "conceded to dismissal" of a claim "by failing to oppose the defendants' arguments *on this point* in their motion to dismiss" (emphasis added)).

Thus, plaintiff concedes that his Unfair Claims Practices Act should be dismissed. The court nonetheless examines the sufficiency of plaintiff's complaint. The court finds that the allegations supporting this claim amount to a mere recital of the statute, which is not enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678–79.

For instance, plaintiff alleges—without factual support—that defendant "failed to acknowledge and act reasonably promptly upon communications with respect to claims arising

under insurance policies, as prohibited by NRS § 686A.310(1)(b)." (ECF No. 1-1 at 8). Plaintiff also alleges—again, without any factual basis—that defendant "failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the insurance policy as prohibited by NRS § 686A.310(1)(c)." *Id.* Plaintiff then goes on recite subsections (d), (e), (f), and (g).[3] *Id* at 8–9

Accordingly, the court grants defendant's motion as to plaintiff's Unfair Claims Practices Act claim.

*B. Motion to bifurcate/sever and stay*

The court now considers whether the bad faith claim should be tried separately from the breach of contract claim. Federal Rule of Civil Procedure 42(b) provides that the court can order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize" the proceedings. Fed. R. Civ. P. 42.

Defendant emphatically argues that this case is a dispute regarding valuation. (ECF No. 6). Defendant also argues that "[p]laintiff's bad faith claims are premature and must be dismissed, or in the alternative, severed and stayed pending determination of the valuation issue." *Id.* at 11. Defendant relies on *Carter v. State Farm Mut. Auto. Ins. Co.*, No. CV-S-96-142-LDG(RLH), 1996 WL 901286, at *2 (D. Nev. Nov. 4, 1996), to support this proposition. In *Carter*, the court interpreted *Pulley v. Preferred Risk Mutual Ins. Co.*, 897 P.2d 1101, 1103 (Nev. 1995). In particular, the *Carter* court relied on the following excerpt of the Nevada Supreme Court's opinion:

> The district court erred in its conclusion that appellants' action for bad faith existed in April, 1991, when they filed the first case. Rather, the transaction giving rise to the bad faith tort action did not occur until *after* the first case for benefits under the contract had been settled, i.e., until after [the insurer] refused to pay the arbitration award.

---

[3] Interestingly, plaintiff summarily claims that defendant violated subsection (n) but makes no further mention of that subsection. (ECF No. 1-1 at 8 ("Defendant['s] . . . deliberate delay in paying benefits due to [p]laintiff is in direct violation of both the Nevada Insurance Regulations and NRS 686A.310, including, but not limited to Sections 1, subsections (b), (c), (e), (f) and (n).").

James C. Mahan
U.S. District Judge

- 8 -

*Carter*, 1996 WL 901286, at *2. The *Carter* court then concluded that this language necessarily meant that bad faith claims develop only after the underlying contract claim is adjudicated. *Id.*

This court, like the court in *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005), disagrees. In *Drennan*, the court noted as follows:

> *Martin* cited *Pulley v. Preferred Risk Mut. Ins. Co.,* for the notion that "the transaction giving rise to a bad faith tort action does not occur until after the first case for benefits under the contract has been settled." In *Pulley,* the facts upon which the bad faith claim was based did not occur until after the coverage claim was resolved. To thereafter substitute the verb "does" for "did" in the passages alters its meaning from a statement of operative fact to a rule of law.

*Drennan*, 366 F. Supp. 2d at 1007 (citations omitted).

Thus, this case is factually distinguishable from *Pulley*. The issue of valuation in this case potentially arises from defendant's investigation of plaintiff's UIM claim. Thus, the issue of valuation—which the defendant repeatedly notes is the heart of this case—embraces the same issues as the breach of contract claim. The court therefore finds that judicial economy and convenience are served by denying defendant's motion to bifurcate. The court further finds that the jury will be able to competently consider the evidence of value and determine whether there is, in fact, a genuine dispute as to value or whether defendant acted in bad faith.

Accordingly, the court denies defendant's motion to bifurcate/sever and stay.

**IV. Conclusion**

The court dismisses plaintiff's unjust enrichment and Unfair Claims Practice Act claims.

The court denies defendant's motion as to plaintiff's bad faith claim.

The court further denies defendant's motion to bifurcate/sever and stay the bad faith claim.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 9 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss or, in the alternative, bifurcate and stay plaintiff's bad faith claim (ECF No. 6) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED December 9, 2019.

_____
UNITED STATES DISTRICT JUDGE